UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHEILA D. RICE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:16-CV-470-TWP |
| | ) 3:14-CR-83-TWP-CCS-5 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 184]. The petition relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague. Respondent filed a response in opposition claiming that Petitioner's Motion should be dismissed as untimely, barred by a waiver provision, and meritless [Doc. 185]. For the reasons below, Petitioner's § 2255 Motion [Doc. 184] will be **DENIED** as untimely and **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

Petitioner pleaded guilty, pursuant to a plea agreement, to conspiring to manufacture at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 126 p. 10-11]. The Court sentenced her to 57 months' imprisonment [Doc. 163]. Petitioner did not appeal.

## II.     TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to her case, i.e., she has not established that any illegal action by the government prevented her from making the timely petition or the existence of facts affecting her case that could not have previously been discovered through the exercise of due diligence. The timeliness of her petition depends on whether its submission complied with subsections (f)(1) and (f)(3).

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 Fed. App'x. 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). "[W]hen a federal criminal defendant does not appeal to the court of appeals, [direct review concludes] upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 Fed. App'x. 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's judgment of conviction became final on April 20, 2015, fourteen days after the Court entered judgment on April

6, 2015. *See Sanchez Castellano v. United* States, 358 F.3d 424, 428 (6th Cir. 2004) (explaining unappealed judgment of conviction becomes final when the period for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A) (20012) (noting criminal defendant was required to file a notice of appeal within fourteen days of entry of the judgment appealed). The window for relief under subsection (f)(1) began to run on that date, and expired on April 20, 2016. Failure to file the instant petition until July 25, 2016—more than three months after expiration of subsection (f)(1)'s one-year window—means that the instant motion is untimely under subsection (f)(1).

To the extent that Petitioner relies on subsection (f)(3)'s independent filing period for relief based on a newly-recognized right made retroactively applicable on collateral review, the Court notes that the provision's one-year window runs from the date that the asserted right was recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). In this case, Petitioner cites *Johnson*, characterizing it as a "law" that "just went into effect" [Doc. 184 p. 4-5, 10, 12], as if to invoke this alternate one-year limitations period. The Supreme Court issued its decision in *Johnson* on June 26, 2015. *Johnson*, 135 S. Ct. at 2551. Thus, the statutory window for requesting relief based upon that decision under subsection (f)(3) expired one year later—on June 26, 2016. S*ee Welch v. United States*, 135 S. Ct. 1257, 1265 (2016) ("*Johnson* is ... a substantive decision and so has retroactive effect ... in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). Failure to submit the petition prior to June 26, 2016, makes the filing untimely under subsection (f)(3).

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (61th Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to her case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011). The burden is a heavey one because, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado*, 337 F.3d at 643.

Petitioner has failed to provide any circumstances that would justify her failure to submit the instant collateral challenge within the window permitted by § 2255(f). Accordingly, Petitioner is ineligible for equitable tolling and her § 2255 motion will be **DENIED** as untimely.[1]

## III. CONCLUSION

For the reasons discussed, the Petition [Doc. 184] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in*

---

[1] Even if this Court were to find that Petitioner's § 2255 Motion as timely, Petitioner's claim is meritless. Petitioner purports to rely upon *Johnson*, asserting that it "now allows lower sentencing if movant played minor role in this crime." [Doc. 184 p. 4]. The Court agrees with Respondent's argument that *Johnson* had nothing to do with a defendant's role in an offense of conviction or the availability of a "minor role" reduction under the Guidelines [Doc. 185 p. 4]. *Johnson* held that "imposing an increased sentence under the residual clause of the [Armed Career Criminal] Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. In the instant case, Petitioner was not sentenced as an armed career criminal under the ACCA, nor was her sentence enhanced for prior convictions for violent felonies under the parallel residual clause in the United States Sentencing Guidelines. Accordingly, the holdings in *Johnson* and *Welch* have no bearing on Petitioner's sentence.

4

*forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

    ENTER.

                                      _s/ Thomas W. Phillips_____
                                      Senior United States District Judge