UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 3:14-CR-83-05 |
| | ) | | Judge Phillips |
| SHEILA D. RICE | ) | | |

**MEMORANDUM AND ORDER**

Defendant Sheila D. Rice has filed a pro se motion for early termination of supervised release [Doc. 190]. In support of her motion, defendant states that she attended a 21-day rehabilitation program, as well as AA-NA and Celebrate Recovery meetings while on pretrial release. During her period of incarceration, defendant completed the RDAP program, as well as other life skills programs. Defendant believes she acquired the tools and skills needed to live a drug-free life and notes that she has been sober for four and one-half years. Defendant has been employed since her release from prison, she has had her driver's license reinstated, and she has purchased her own vehicle. Defendant states that she now has a relationship with God and she has regained her family's trust. Defendant attends church with her family and volunteers with her church's community outreach. Defendant also helps care for her grandson when she is not working.

The record reflects that the defendant pled guilty to one count of conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The defendant was sentenced to a term of imprisonment of 57 months, followed by a two (2) year term of supervised release [Doc. 163].

The United States Probation Office states that the defendant began her term of federal supervision on February 13, 2018, and will complete her two-year term on February 12, 2020. Thus, she has completed half of her two-year term of supervision. The defendant is not a career criminal, she is not a sex offender, and she has not engaged in terrorist activities. The Probation Office further reports that the defendant has resided with her mother and daughter while on supervision and she has maintained steady employment at Duncan and Sons. The defendant has had negative drug screens and no known contact with law enforcement. The Probation Office also reports that defendant has been respectful in her interactions with the office and she has complied with the terms of supervision. Thus, the Probation Office does not object to defendant's motion. Similarly, the government does not object to the defendant's motion.

After considering the factors set forth 18 U.S.C. § 3553(a), the Court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) support an early termination of defendant's supervised release. In support of this determination, the Court notes that defendant has completed half of her term of supervised release, she has maintained steady employment and a stable residence, and she has been in full compliance with the conditions of her supervision. In addition, her supervising probation officer and the government do not oppose the request. It appears to the Court that defendant has rehabilitated herself and she poses no threat to any individual

or the community to reoffend. Accordingly, pursuant to 18 U.S.C. § 3583(e)(1), based on the defendant's conduct and the interests of justice, defendant's motion for early termination of supervised release [Doc. 190] is **GRANTED.** Defendant's term of supervised release is **TERMINATED.**

**IT IS SO ORDERED.**

             s/ Thomas W. Phillips
            SENIOR UNITED STATES DISTRICT JUDGE